IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL BLISS, #303854 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-612 |
| | § | |
| SUSAN CRISS, ET AL. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Robert Daniel Bliss, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. §1983. The particularity with which Plaintiff has pleaded his claims makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having considered Plaintiff's complaint, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

1

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff, an inmate at the Galveston County Jail, alleges due process violations against Galveston County Judge Susan Criss for refusing to dismiss "all charges" against him and violating state and federal procedural law. He seeks monetary damages and to have Judge Criss "remove[d]."

The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act, unless performed in the "the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Young v. Biggers*, 938 F.2d 565, 565 n. 5 (5th Cir. 1991). Allegations of bad faith or malice do not overcome judicial immunity; *Mireles*, 502 U.S. at 11; nor do allegations of grave procedural errors. *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). In this case, Plaintiff alleges no facts that suggest that Judge Criss acted without jurisdiction. His claims against Judge Criss rest on conclusory allegations of procedural error and failure to dismiss criminal charges against him. Other than the procedural error claim, which has no basis, Plaintiff's claim ultimately rests on the contention that Judge Criss performed a judicial act well within the parameters of judicial functions. Consequently, Judge Criss is absolutely immune to monetary damages under Section 1983.

In addition, as amended in 1996, Section 1983 provides judicial immunity in actions for injunctive relief, unless the judge has violated a prior declaratory decree or declaratory relief is unavailable. In this instance, Plaintiff alleges no facts which suggest that a prior declaratory decree has been violated or that declaratory relief is unavailable. Judge Criss is immune to injunctive relief.

Plaintiff has also sued District Attorney Kirk Sistrunk, alleging that Sistrunk lied to the Grand Jury that Plaintiff was "being legally indicted in a timely manner"; and, is responsible for the actions of his "subordinates ... underlings," who have refused to "dismiss cause and bail."  District attorneys (and assistant district attorneys) are absolutely immune in a civil rights suit for any action taken in preparing for the initiation of judicial proceedings and in presenting the State's case.  *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).   Without absolute immunity, the threat of Section 1983 liability would undermine the performance of a prosecutor's duty to exercise his best judgment in deciding which suits to bring and in conducting them in court.  *Imbler,* 424 U.S. at 424-25.  Sistrunk is absolutely immune to Plaintiff's claims.

Plaintiff has also named his attorney, Lois McCarnes, as a Defendant, alleging that she refuses to effectively represent him.  The Court lacks jurisdiction to consider this matter.  If Plaintiff wishes new counsel, he must direct his request to the presiding judge.

Finally, Plaintiff has sued the State of Texas seeking monetary damages.  Plaintiff's claim is without merit as states are not "persons" subject to liability under 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

For the foregoing reason, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED with prejudice for failure to state a claim upon which relief can be granted, and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii)**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **January 31, 2006** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office, P.O. Drawer 2300, Galveston, Texas

77553.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___11th___ day of January, 2006.

_____
John R. Froeschner
United States Magistrate Judge